William M. Gilbert
High Plains Law, PLLC
P.O. Box 22008
Billings, MT  59104-2008
Telephone: (406) 254-8903
wgilbert@highplainslaw.net

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| DENNIS A. MARJAMAA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF AGRICULTURE, UNITED ) <br> STATES OF AMERICA, and JOHN ) <br> DOES 1-10. ) <br> ) <br> Defendants. ) | CASE NO.  CV-22-13-BU-BMM <br><br> **COMPLAINT** |

This is an action against the Defendant, United States of America, brought pursuant to the Federal Tort Claims Act (FTCA), (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence in connection with an automobile accident occurring in Butte, Montana.

1

## **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Dennis Marjamaa is an adult male. He is a resident of Butte, Montana.

2. Defendant United States Department of Agriculture is a department of the United States of America. Teresa Morales, whose negligence was the sole cause of the automobile accident at issue, was the employee of Defendant and was acting within the scope of her employment. Defendant was the owner of the 2009 Dodge Ram 3500HD driven by Ms. Morales.

3. Defendants John Does 1-10 are persons and entities whose true identities are unknown to Plaintiff, who, together with named Defendants contributed to causing harm, losses, and damages described in this Complaint. Based upon information and belief, the residence and/or place of business of such John Does are within the United States.

4. Jurisdiction is proper under 28 U.S.C. §1346(b)(1). This U.S. District Court has exclusive jurisdiction to hear FTCA claims.

5. The automobile accident at issue occurred on October 16, 2018. On or about April 5, 2019, pursuant to 28 U.S.C. § 2675(a), a written

notice of Plaintiff's administrative claim was presented to the appropriate Federal Agency, the United States Department of Agriculture, in the form of a completed Standard Form 95, followed by an addendum provided on July 29, 2019. As of the filing of this Complaint, the Federal Agency has not issued a written denial and more than six months have elapsed.

6. Venue is proper in this district and division as the accident which forms the basis of this action occurred in Silver Bow County, Montana. Further, Plaintiff is, and was at all times relevant to this Complaint, a resident of Silver Bow County, Montana.

## **GENERAL ALLEGATIONS**

7. Plaintiff incorporates by reference all prior allegations contained in this Complaint.

8. On or about October 16, 2018, Plaintiff was operating his 2006 Subaru northbound on Harrison Avenue in Butte, Montana.

9. At the same time and place, Teresa Morales was operating a 2009 Dodge Ram 3500 HD, owned by Defendant, eastbound on 1-90. Ms. Morales passed the Harrison Ave South exit (exit 127A) and took the

Harrison Avenue North exit (exit 127B). As such, Ms. Morales was westbound on that particularly I-90 off ramp when it intersected with Harrison Avenue, in Butte, Montana.

10. Ms. Morales was an employee of Defendant and was acting withing the course and scope of her employment at times relevant to the Complaint.

11. At all times herein mentioned, Plaintiff was operating the vehicle he was driving in a reasonable and prudent manner, with due caution and regard for the laws of Montana.

12. Despite having passed the Harrison Avenue South exited and taken the Harrison Avenue North exit, Ms. Morales intended to turn left and southbound onto Harrison Avenue. Ms. Morales failed to yield the right of way to Plaintiff's vehicle and improperly began a left turn (south), striking the passenger side doors of Plaintiff's vehicle.

13. Plaintiff suffered severe and significant injuries in the resulting impact.

14. Plaintiff's vehicle suffered significant damages in the resulting impact.

15. Following the collision, the accident was investigated by Officer

Fallang of the Butte-Silver Bow Law Enforcement.   Officer Fallang determined the accident was caused by Ms. Morales' failure to yield the right of way.  Officer Fallang issues a citation to Ms. Morales for a violation of § 61-8-341(1), MCA.

### Count 1- Negligence

16. Plaintiff hereby incorporates Paragraphs 1 through 15 of this Complaint fully as if the allegations were set forth fully herein.

17. Ms. Morales had a duty to act reasonably and use due care while driving. She had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the state of Montana, to yield to through traffic at the entrance to a through highway, to pay full time and attention to the operation of the vehicle under her control,  and to avoid a collision.

18. Ms. Morales breached that duty of care by failing to pay proper attention to the roadway and the traffic, failing to maintain a proper lookout, failing to obey the laws and rules of the state of Montana, failing to yield to through traffic at the entrance to a through highway, failing to control her vehicle in order to avoid a collision, and colliding

with Plaintiff's vehicle.

19. As a direct and proximate cause of the negligence of Ms. Morales, Plaintiff suffered physical injuries, conscious mental anguish, pain and suffering, medical expenses, and loss of property.

20. At all times relevant herein, Ms. Morales was an employee of Defendant and acting within the course and scope of said employment. Pursuant to Federal Tort Claims Act (FTCA), (28 U.S.C. §2671, et seq.), Defendant is liable for the negligence of Ms. Morales and the damages suffered by Plaintiff.

## **Count 2 – Negligence Per Se**

21. Plaintiff hereby incorporates Paragraphs 1 through 20 of this Complaint fully as if the allegations were set forth fully herein.

22. At all relevant times, Ms. Morales owed a duty to comply with applicable statutes, regulations, and rules related to the safe operation of a motor vehicle on the state of Montana including driving at safe and reasonable speeds, remaining alert and attentive, yielding to through traffic at the entrance to a through highway, being able to control her vehicle, and bringing her vehicle to a safe and complete stop prior to colliding with other vehicles and persons.

23. Ms. Morales breached this duty when she drove a vehicle in violation of §61-8-341(1), Montana Code Annotated.

24. Plaintiff was, at the time of the collision, within the class of persons whom the above-referenced statutes were meant to protect.

25. Ms. Morales' failure to comply with the above-referenced statutes created the type of collision against which the laws were designed to protect.

26. Ms. Morales' failure to comply with the above-referenced statutes were the direct and proximate cause of Plaintiff's injuries and damages and thus constitutes negligence per se.

27. As a direct and proximate result of Ms. Morales' negligence per se, Plaintiff suffered physical injuries, conscious mental anguish, pain and suffering, medical expenses, and loss of property.

28. At all times relevant herein, Ms. Morales was an employee of Defendant and acting within the course and scope of said employment. Pursuant to Federal Tort Claims Act (FTCA), (28 U.S.C. §2671, et seq.), Defendant is liable for the negligence of Ms. Morales and the damages suffered by Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. That the Court entered judgment in his favor and against Defendants;

2. That the Court award Plaintiff his damages in the amount of $108,500.00;

3. That the Court award him all attorney's fees, costs, and other relief to which he is entitled by law or equity; and

4. That the Court may grant any further relief which the court finds just and equitable.

**DATED** this 21st day of January, 2022.

/s/ William M. Gilbert
William M. Gilbert
HIGH PLAINS LAW, PLLC
Attorneys for Plaintiff